IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Quintion Howell, | ) | C/A No. 3:13-2111-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheldon T. Taylor, Police Officer; Potts, Springdale PD Officer; South Congaree Police Dept.; Town of South Congaree, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a pretrial detainee.  Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**MOTION FOR APPOINTMENT OF COUNSEL:**

Plaintiff has filed a motion for appointment of counsel in this case. (ECF No. 3.)  There is no right to appointed counsel in § 1983 cases.  Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). However, the court may use its discretion to request counsel to represent an indigent in a civil action.  See 28 U.S.C. § 1915(e)(1); Mallard v. U.S. District Court, 490 U.S. 296 (1989).  Such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.  Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would Plaintiff be denied due process if the court denied Plaintiff's request for counsel.  Id.  Accordingly, Plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.  See 28 U.S.C. § 1914.  This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code.  See 11 U.S.C. § 523(a)(17).  A prisoner is permitted to file a civil action without prepayment of fees or security therefor under 28 U.S.C. § 1915.  Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) to this court pursuant to 28 U.S.C. § 1915(a)(1), which is construed as a Motion for Leave to Proceed *in forma pauperis*.  A review of the Motion reveals that Plaintiff does

PJG

not have the funds to prepay the filing fee.  Plaintiff's motion to proceed *in forma pauperis* is granted.

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. § 1915 and/or 28 U.S.C. § 1915A.  Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**TO PLAINTIFF**:

Plaintiff must place the civil action number listed above  **(C/A No. 3:13-2111-JFA-PJG)** on any document provided to the court pursuant to this order.  **Any future filings in this case must be sent to the address below (901 Richland Street, Columbia, South Carolina 29201).**  All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting.  *Pro se* litigants shall *not* use the "s/typed name" format used  in the Electronic Case Filing system.  In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.  Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom and sides of each paper submitted.

Plaintiff is a *pro se* litigant; his attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing** (at **901 Richland Street, Columbia, South Carolina 29201**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.**  Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court.  Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**.

September 25, 2013                                              Paige J. Gossett
Columbia, South Carolina                              UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION—PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS <u>BEFORE</u> YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to <u>***ALL***</u> documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. <u>Personal information protected by Rule 5.2(a)</u>:

    **(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
    **(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
    **(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
    **(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. <u>Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e) (Protective Orders).</u>