IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Gregory Quintion Howell,

Plaintiff,

v.

Sheldon T. Taylor, Police Officer; Potts, Springdale PD Officer; South Congaree Police Dept.; Town of South Congaree,

Defendants.

C/A No. 3:13-2111-JFA-PJG

**REPORT AND RECOMMENDATION**

The plaintiff, Gregory Quintion Howell ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, a pretrial detainee at the Lexington County Detention Center, seeks monetary and injunctive relief. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## I. Factual and Procedural Background

The Complaint arises from events on December 29, 2012. (See ECF No. 1 at 3.) According to Plaintiff, Defendant Police Officer Sheldon T. Taylor ("Officer Taylor") responded to a call by Robert Joyner ("Joyner"), Plaintiff's stepson, to find Plaintiff in a bedroom, lying semiconscious in a pool of blood. Plaintiff told Officer Taylor that Joyner had beaten him. Officer Taylor also found Plaintiff's wife in the adjoining bathroom, unconscious and bleeding. Plaintiff avers that his wife had been drinking and suffered injury while having seizures. She was there in spite of a court order, and he did not know when she had entered.

Plaintiff adds that, based solely on a statement from Joyner, Officer Taylor swore out a warrant for Plaintiff's arrest. (Id. at 4.) When a different officer came to serve the warrant, Plaintiff





told that officer that he wanted to press charges against Joyner, who had beaten him. This officer told Plaintiff that the responding officer would take his statement, but no one ever did. Plaintiff says that he has written complaints to the South Congaree Police Department but received no response. He has added Defendant Officer Potts, who was back-up for Officer Taylor, on a "mostly testomonial [sic]" basis. (Id.)

Plaintiff contends that Officer Taylor violated his Fourteenth Amendment rights to equal protection of the laws and due process of law. Plaintiff further claims that he has been placed under excessive bond in violation of his Eighth Amendment rights, and has been denied a speedy trial in violation of his Sixth Amendment rights. He asks this court for (i) a "proper investigation" to be done on his criminal case; (ii) "proper charges" to be filed against Joyner and for Joyner to "be held accountable for his action[s]"; (iii) Joyner to be ordered to pay Plaintiff's doctor's bills incurred as a result of Joyner's assault on him; (iv) a bench warrant that issued during his incarceration "be address[ed]"; (v) compensatory damages; (vi) his costs in this suit; and (vii) "[a]ny additional relief this court deems just, proper and equitable." (Id. at 7.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).





The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte.* Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which





the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**1. Town of South Congaree**

The Complaint fails to state a claim upon which this court can grant relief against Defendant Town of South Congaree. In Monell v. Department of Social Services, 436 U.S. 658 (1978), the United States Supreme Court held that a municipality or other local government entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince





George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. However, the Complaint contains no factual allegations that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of the Town of South Congaree.

At most, the Complaint merely attributes, in purely conclusory fashion, the alleged wrongful actions of an individual defendant to the Town of South Congaree. However, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94). A municipality may not be held liable under § 1983 solely because it employs the tortfeasor. Bd. of County Comm'rs v. Brown, 520 U.S. 397. As Plaintiff has alleged no actionable conduct by the Town of South Congaree, this defendant should be summarily dismissed.

**2. South Congaree Police Department**

The Complaint fails to state a claim upon which relief may be granted as to Defendant South Congaree Police Department because it is well-settled that a defendant in a § 1983 action must qualify as a "person." The South Congaree Police Department, a local police department, is an instrumentality of a municipality—not an independent entity—and thus not a "person" within the meaning of § 1983. Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983."); Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Buchanan v. Williams, 434 F. Supp. 2d 521, 529





(M.D. Tenn. 2006) (concluding that "police departments are not 'bodies politic'" and therefore are not persons subject to action under § 1983). Accordingly, this defendant is also subject to summary dismissal from this action.

**3. Defendant Police Officers**

Plaintiff's claims against the Defendant police officers are not clear, but construing his contentions liberally, they appear to be twofold. Plaintiff seems to allege, first, that Officer Taylor violated his constitutional rights by arresting him without taking a statement from him but relying solely on the statement of his stepson, Robert Joyner. He further appears to claim a constitutional violation in that Officer Taylor did not take a statement from Plaintiff so that he could press charges against Joyner. Plaintiff's allegations against Officer Potts consist only of a reference to Potts as Taylor's "back-up" officer. (Compl., ECF No. 1 at 5.)

As an initial matter, the court observes that much of the relief requested in the Complaint is not available to Plaintiff through this lawsuit. For example, Plaintiff has asked this court for, *inter alia*, a "proper investigation" and his bench warrant to "be address[ed]." (ECF No. 1 at 7.) He also complains about an excessive bond and alleged lack of a speedy trial. (ECF No. 1 at 5.) However, the court is precluded from granting such relief pursuant to Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44 (citation omitted). From Younger and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate





important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Plaintiff has stated that he is currently detained pending disposition of state charges; therefore, an ongoing state criminal proceeding exists, satisfying the first part of the test. The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting that "'ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" Gilliam, 75 F.3d at 904 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Plaintiff can pursue his claims in state court both during and after the disposition of his criminal charges. As Plaintiff fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief, see Younger, 401 U.S. at 43-44, the court is precluded from granting the requested relief.[1]

Similarly, Plaintiff has further asked for charges to be filed against his stepson, Joyner, and that Joyner be made to pay Plaintiff's doctors' bills. However, it is well settled that "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir.1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) (holding that, "in American

---

[1] Plaintiff also refers to his right to a speedy trial and to not have excessive bail imposed. Not only do the named defendants have no role in these alleged violations, if this court were to address these claims, it would be interfering with the pending state court criminal proceedings in contravention of Younger.





jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Further, as Joyner is not a party to this action, the court cannot order any relief against him.[2]

To the extent Plaintiff seeks damages against Officers Taylor and Potts for any alleged constitutional violation, his allegations fail to state a claim under 42 U.S.C. § 1983. Plaintiff's Complaint makes clear that he was arrested pursuant to a facially valid warrant (see Warrant, ECF No. 1-1 at 3). As such, he cannot pursue a § 1983 claim based on a violation of the Due Process Clause or the Fourth Amendment based on false arrest. See Carter v. Baltimore Cnty., 95 F. App'x 471, 478 (4th Cir. 2004) (finding plaintiff "failed to demonstrate that [the officer] violated his due process rights by arresting and detaining him on the facially valid warrant for his arrest"); Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998) (agreeing that the officers "could not have committed a tort of false arrest in violation of the Fourth Amendment because they were acting pursuant to a facially valid arrest warrant"). Finally, his conclusory allegations that he was denied equal protection of the law because he was arrested rather than Joyner fails to state a plausible claim for relief. See, e.g., Tri Cnty. Paving, Inc. v. Ashe Cnty., 281 F.3d 430, 439 (4th Cir. 2002) (stating that "a party can bring an equal protection claim by alleging it has 'been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment' ") (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).

[2] Moreover, the court would not have original jurisdiction over a lawsuit by Plaintiff against Joyner asserting a state tort claim, as both parties are residents of the same state. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); id. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter" is between "citizens of different States . . . .").





**RECOMMENDATION**

Plaintiff cannot obtain in this court much of the relief he seeks. Moreover, to the extent he seeks damages against the Defendant police officers under 42 U.S.C. § 1983, his Complaint fails to state a plausible constitutional claim. Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 25, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).