IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Quintion Howell, ) | C/A No.: 3:13-2111-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| ) | |
| Sheldon T. Taylor, Police Officer; Potts, ) | |
| Springdale PD Officer; South Congaree ) | |
| Police Dept.; Town of South Congaree, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Gregory Howell, brings this action pursuant to 42 U.S.C. § 1983. At the time this action was filed, the plaintiff was a pretrial detainee at the Lexington County Detention Center. Plaintiff alleges that the defendants violated his constitutional under due process and equal protection; that the plaintiff has been placed under excessive bond; and that the plaintiff has been denied a speedy trial.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein she suggests that the court should dismiss this action for a variety of reasons, including failure to state a claim, immunity, and abstention. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff filed timely objections thereto. Thus, it appears this matter is ripe for resolution.

The complaint arises from events on December 29, 2012. According to the plaintiff, his stepson Robert Joyner called Defendant Taylor after finding plaintiff in a bedroom, semiconscious and lying in a pool of blood. The plaintiff told Officer Taylor that Joyner had beaten him. Officer Taylor also found plaintiff's wife in the adjoining bathroom, unconscious and bleeding. Plaintiff avers that his wife had been drinking and suffered injuries while she was having a seizure.

Plaintiff alleges that Defendant Taylor swore out a warrant for his arrest based solely on a statement from his stepson Joyner. Plaintiff told another officer that he wanted to press charges against Joyner for beating him, but no other officer ever took his statement, despite repeated complaints to the South Congaree Police Department to do so.

As to defendant Town of South Congaree, the Magistrate Judge suggests that the complaint fails to state a claim upon which this court can grant relief. Plaintiff has failed to set forth factual allegations that the actions of which plaintiff complains were done in furtherance of any policy, custom, or practice of the Town of South Congaree. The Magistrate Judge also suggests that defendant South Congaree Police Department is not a person within the meaning of § 1983 and therefore is not subject to suit. This court agrees.

As an initial matter, the Magistrate Judge observes that much of the relief requested in the complaint is not available to the plaintiff through this lawsuit in light of *Younger v.*

*Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. The Fourth Circuit Court of Appeals has set forth various factors to determine when abstention is appropriate: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994), citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*., 457 U.S. 423, 432 (1982).

Here, the Magistrate Judge opines that this court is precluded from granting the requested relief because the plaintiff has failed to demonstrate that he has no adequate remedy at law or that he will suffer irreparable injury if denied his requested relief. This court agrees with the Magistrate Judge and finds that *Younger* counsels against this court intervening in the state criminal proceedings.

The Magistrate Judge also suggests that to the extent plaintiff seeks damages against the individual officer defendants for false arrest, his allegations fail to state a claim under § 1983 because he was arrested pursuant to a facially valid warrant. Moreover, the Magistrate Judge opines that the plaintiff's conclusory allegations that he was denied equal protection fails to state a plausible claim for relief.

The plaintiff has submitted a one-page response to the Report wherein he complains that the facility he is being held in does not have a law library and he cannot review any case law. He also requests a continuance of this action until such time as he can obtain counsel.

In view of the fact that the court will dismiss this action without prejudice, the court hereby denies the plaintiff's request to continue the action.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

December 3, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4